Next case is the estate of Albert P. Schultz, 2024-2131. Good morning, counsel. Mr. Schultz. And the court. Please proceed. May it please the court, I'd like to thank opposing counsel and Judge Morris for being so gracious. They were very gracious. And over 48 years, you don't get such graciousness from the courts and the counsels, though. This case has been going on for 36 years. Started, actually, maybe 38 years. It started from a workers' compensation claim in 1988. That eventually led to a EEOC complaint at the United States Postal Service that was filed in the fall of 1990. But you've got a basic problem. Section 1500, you've litigated it in a lot of places. And you had the same, essentially the same case, the same operative facts in two tribunals. And that's a 1500 problem. Well, the issue, before you even get to 1500, 1500 is a jurisdictional issue. A prerequisite to jurisdiction is rightness. If a case is not right, you don't even reach the jurisdictional issue. You have the Shinnecock case before this court, Federal Circuit 782 Federal 1345. It basically talks about if a case is not right, you don't even reach the issue of jurisdiction. But we could reverse the order. There is nothing in law that prohibits us from considering jurisdiction first, right? Well, I read the Shinnecock case as a prerequisite to jurisdiction is rightness. Because you don't even have a case. So if you don't have a case, you don't even have to address the issue of jurisdiction. But also, don't we have a sua sponte duty to determine whether we have jurisdiction? Well, basically, there's a sua sponte duty to determine if the case is right. And that must be addressed prior to addressing the jurisdictional issue. So your argument hinges on us agreeing with that legal proposition you just said, that we are duty bound to decide rightness prior to jurisdiction? Yes, and I think that's what the law says. And because it's fully contingent on future facts, this case. It's right now before the district court. And there are three opinions from this court. You mean this has been going on for 30 years? 36 years. And there are still undecided relevant facts? More or less. But right now, there are three decisions from this court. A 2005 decision, a 2013 decision, and a 2014 decision. That should be, the district court should consider as the law of the case. In 2005, this court said, you cannot litigate a case in two different fora. So that's one thing that was not done. The case was not litigated after your 2005 decision. This case was not litigated in two different fora. It was litigated sequentially and not concurrently. And so basically, we're tied up in district court right now with the MSPB saying, you should have been litigating the 99.3 hours, both at the MSPB and at the district court at the same time. And so basically, I didn't proceed with the 99.3 hours for the carved out removal hours until the district court case was done. So if the district court now applies your three cases, we actually talk about the law of the case in the 2013 and the 2014 case, I don't think we'll ever have a loss in this case. We're talking really specifically about the removal hours, which are 99.3 hours, which were specifically carved out and identified because this was a case of discrimination. It was a mixed case. You can't be carving out a specific aspect of the case and say it's separate from the discrimination. For the first time, the Postal Service said that the removal, that this is a case of discrimination back in oral argument before Judge Myers in January of 2024. But that wasn't the position of the Postal Service for years. They were always trying to say that the removal was a distinctly separate aspect of the case. And so those 99.3 identified hours shouldn't be awarded because even though the petition for fees for the discrimination case were used as being timely, the Postal Service said the removal aspect in this mixed case is wholly separate from the claim of discrimination, which you can't do. There are cases, both in this court and the Supreme Court, that warn about bifurcation of issues from a case that are going to create unnecessary complexity. And that's exactly what has happened. If the discriminatory removal had not been bifurcated, this case would not have gone on for 36 years. And that's what the courts have ruled against. And hopefully, the district court will solve the matter. It's pending before the judge there for the past two years. Unfortunately, when Judge Block started working on the case in October of last year, he passed away within 30 days of when he got back to the case. And so there's a new judge here working on the case. There may be no loss. And if there's no loss, then there will never be a case before this court. And another reason why this issue may never arise, if the current judge looks at your 2013 and 2014 decision and decides that this contract claim is really just enforcement of an MSPB order, as Judge Myers pointed out in his inaugural argument last year, then the district court will address this contract issue as part of really inherent part of the discrimination case. And his ruling there would be collateral estoppel and would also prevent any further case from arising in the court of claims because the contract matter would have already been decided. Did you raise the issue of ripeness in the court below? No, I didn't. Because it didn't really add back. Ripeness is the sui sponte issue that the court itself should raise. And the Postal Service, up to a point, was taking the position that the removal aspect of the discrimination case was totally separate and apart. It wasn't until Judge Myers ruled it was related, which was basically reversal of the Postal Service's longstanding position. Because by claiming that the removal was separate, that's how they were able to raise the timeliness issue to the attorney fees. Because they had already paid the attorney fees back in 2004 for the rest of the discrimination claim, carving out these $99.3. And so that's basically where we stand. The issue of ripeness didn't really arise until the judge ruled the case was related. And it's also an issue that the court should raise sui sponte and is a prerequisite to jurisdiction. Are there any other questions? We will save you time for rebuttal. Yes. And again, I would like to thank counsel and thank Judge Myers for his graciousness. Ms. Del Mar. Thank you, Your Honor. May it please the Court. This court should affirm the decision of the Court of Federal Claims dismissing this case under 28 U.S.C. 1500. It's uncontested that the court lacked jurisdiction under section 1500. And the parties agree that the case should be dismissed without prejudice, as it already has been granted by the lower court. In regards to the ripeness argument, I would disagree with counsel as to there being some sort of hierarchy in which the court had to address 12B1 jurisdictional matters. So the dismissal was without prejudice. Yes, Your Honor. So this case can go on. That is correct, Your Honor. Unless it's, as counsel mentioned, collaterally stopped by the district court decision. But there is the potential for a client to come back and refile its case. I'm not saying that there's not going to be other bars to that case proceeding. In regards to the Chinook Indian case that counsel referenced, in which he posited that it requires this ripeness analysis prior to getting to a section 1500 analysis, I don't believe that's what that case stands for. In Chinook, the facts were alleging, the appellant was alleging a judicial taking by the district court. And so he went to the Court of Federal Claims and filed a case regarding the judicial taking. But at the time, that judicial decision, the district court was being appealed to the appellate court. And so the Court of Federal Claims said it is premature, it's unright to consider this judicial taking, because that judicial taking is still being litigated. So it was not a decision saying that in all cases, a ripeness argument must be considered by the court. And I don't believe that there's any precedent to say that a judge, once they find that it lacks jurisdiction, it's required to then consider every possible other basis for a lack of jurisdiction. And in fact, this court's precedents would say otherwise. With that, Your Honor, I believe that the appellant is not contesting that section 1500 applies, that there was any error in the findings and facts or conclusions of law from the trial judge in regards to finding that the Court of Federal Claims was divested of jurisdiction because of section 1500. There's no, neither party is contesting that the cases were directly related and that there was a case pending before the Third Circuit at the time that the case was brought in the Court of Federal Claims. Unless the Court has any other questions, I request you affirm the decision. No one ever loses points by not using up all her time. Thank you. Thank you, counsel. Mr. Schultz, do you have a rebuttal? I just want to then point out in the Shinnecock case, the claim where the court cites the case of Barlow and Hahn versus US 1118 Federal Claims 597, emphasizing that if a claim is moot or unright, it should be dismissed as non-justiciable and not for lack of subject matter jurisdiction. So that's the only thing I'd like to point out. And again, I'd like to thank the court and counsel. Thank you, counsel. The case is submitted.